**Florence M. WATKINS, a feme sole, et al., Appellants,**

v.

**Melchior F. ROTH and wife, Janet S. Roth, Appellees.**

No. 5136.

Court of Civil Appeals of Texas.

El Paso.

Jan. 18, 1956.

Rehearing Denied Feb. 8, 1956.

Potash, Cameron, Potash & Bernat, El Paso, for appellants.

Hubert T. Faulk, El Paso, for appellees.

FRASER, Justice.

This is an appeal from the 41st District Court of El Paso County, Texas. Defendant Roth, who is appellee here, borrowed the sum of $10,000 from the State National Bank of El Paso, Texas, April 28, 1951. His note was endorsed by Mr. Sam Watkins. The following agreement was entered into between defendant and Watkins:

"El Paso, Texas,
April 30, 1951.

"Mr. Sam Watkins,
415 West San Antonio Street,
El Paso, Texas.

"Dear Sir:

"In consideration of your endorsing my note payable to The State National Bank of El Paso, Texas, in the amount of Ten Thousand and No/100 Dollars ($10,000.00), I hereby agree to pay you within *one* year from date of monies are withdrawn from The State National Bank, the sum of Three Thousand-Five Hundred ($3,500.00).

"Seven Thousand-Five Hundred and No/100 ($7,500.00) will be paid by me to the said State National Bank upon completion of sale of my residence located at 3108 Memphis Street, El Paso, Texas—sale to be completed within 90 days from date of withdrawal of loan from bank.

"Balance of said note in the amount of Two Thousand-Five Hundred and No/100

($2,500.00) will be paid by me to The State National Bank on or *before* 90 days after the first payment.

"Yours truly,
(Sgd.) Melchior F. Roth."

"Melchior F. Roth,
3108 Memphis Street,
El Paso, Texas."

About three months after the loan was made appellee went to Alice, Texas, to go into the cemetery business. He rented his home furnished and his family moved in with his wife's parents. Defendant's home was offered for sale, but no offer was ever accepted by defendant and his wife and no sale made. Defendant's wife and daughter joined him in Alice, Texas, in December 1953, and in February 1954 defendant and his wife contracted for a home in Alice, partially furnished the same and moved into it and resided therein until September 1954. They did not move their furniture from El Paso. The record shows that by October 1954, when suit was filed, the Roths had returned to El Paso and given up their business venture in Alice. The judgment of the court was in favor of plaintiff for the amount of the note, attorneys' fees and interest, but the court refused to hold that the Roth's homestead in El Paso had been abandoned, and refused to hold that plain-

tiff had any character of lien on the El Paso home of defendants. From this part of the judgment appellant has appealed.

Appellant has here urged that the letter hereinabove set forth created a lien on the residence of appellees, and by its provisions entitled appellant to enforce said lien by specific performance. We agree with the trial court that this letter does not create any lien in favor of appellant. It is evident from its terms that the first paragraph is a promise by appellee to Mr. Watkins to pay $3,500 as consideration for the endorsement of appellee's note by Mr. Watkins. The remaining two paragraphs are merely descriptive of appellee's plans to pay the State National Bank the note he had executed in their favor. These paragraphs do not provide any specific method or manner sufficient of enforcement, nor do they specify any price for the home or any method of payment, but are fatally indefinite, but even if not, in any event they are not and do not constitute any promise sufficient to create any lien on the residence of appellees. The letter, therefore, in its entirety does not create any lien, and by the indefiniteness of its terms is incapable of specific enforcement. We therefore overrule appellants' points of error, and the judgment of the trial court is affirmed.